**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TONYA BELL,**

    **Petitioner,**

v.                                                                    Case No. 4:19cv442-WS/MAF

**WARDEN, FCI TALLAHASSEE,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

    Petitioner Tonya Bell, a federal inmate proceeding pro se, sought habeas relief in an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 9, 13. By Report and Recommendation entered June 9, 2020, the undersigned recommended the petition be denied, a certificate of appealability be denied, and leave to appeal in forma pauperis be denied. ECF No. 32. Petitioner Bell filed objections. ECF No. 33. The district judge adopted the Report and Recommendation on July 6, 2020, ECF No. 34, and judgment was entered that same day, ECF No. 35. Petitioner Bell appealed the case to the Eleventh Circuit Court of Appeals. *See* ECF Nos. 40, 41.

    In the meantime, on or about March 3, 2021, Petitioner Bell filed in this Court a "Rule 60 Motion," seeking relief from the judgment pursuant to

Federal Rule of Civil Procedure 60(b) subsection (2) or (6).  ECF No. 49.  On March 12, 2021, Respondent filed a Motion to Dismiss 60(b) Motion for Lack of Jurisdiction.  ECF No. 51.

By order on March 23, 2021, this Court explained that Respondent's motion did not comply with Rule 7.1 of the Local Rules of the Northern District of Florida and the motion did not address the appropriate considerations regarding a Rule 60(b) motion.  ECF No. 52.  Accordingly, this Court allowed Respondent time to file a detailed memorandum in support of its motion or, alternatively, a detailed memorandum opposing Petitioner's Rule 60(b) motion.  *Id*. at 4; ECF No. 55.  The Court also allowed Petitioner time to file a reply.  *See* ECF No. 52 at 4; ECF Nos. 55, 58.

On April 12, 2021, Respondent filed a Response in Opposition to 60(b) Motion and Memorandum of Law.  ECF No. 56.  Petitioner has filed a reply and supplements.  ECF Nos. 53, 59, 61.  Among other things, Petitioner has also filed a motion seeking appointment of counsel.  ECF No. 64.

On April 27, 2021, the Eleventh Circuit granted Respondent's "Motion for Vacatur and Remand," vacated the Order adopting the Report and Recommendation and the Judgment, ECF Nos. 34 and 35, and remanded the case to the district court.  ECF No. 60 at 2.  The Eleventh Circuit directed the Clerk to close the file on the appeal.  *Id*. at 3.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). For the reasons stated herein, Petitioner's "Rule 60 Motion" (ECF No. 49), the motion to dismiss filed by Respondent (ECF No. 51), and Petitioner's motion for appointment of counsel (ECF No. 64) should be denied.

## Background

Bell is an inmate at the Federal Correctional Institution (FCI) in Tallahassee, Florida, serving a sentence of 300 months, to be followed by five (5) years of supervised relief, imposed January 8, 2008, by the Superior Court of the District of Columbia in case number 2007 CF3 12804, following her entry of a guilty plea to fifteen (15) counts. ECF No. 12-17. Her current release date is December 18, 2029. *See* www.bop.gov/inmateloc.

Bell filed her § 2241 petition challenging nine prison disciplinary actions that resulted in the loss of Good Conduct Time (GCT) credits. ECF No. 9 (amended petition); *see* ECF No. 1. In her amended petition, she presented six grounds: (1) incident reports 3240650, 3190389, and 3102789 should be expunged because of incorrect information relied on by the discipline hearing officer (DHO); (2) incident reports 2954936, 2955644, and 2963400 "should be dismissed for not staff (psychologist) not receiving a mental health

evaluation (MHE) within 24 hours"; (3) incident report 3082243 should be dismissed as procedural error occurred when Bell was referred for a mental health evaluation (MHE); (4) incident report 3063410 should be expunged as procedural error occurred because Bell did not receive a MHE within 24 hours of the report; (5) incident report 3102789 should be dismissed as "[t]wo incident reports were written five minutes apart"; (6) and incident report 3090183 should be dismissed because of insufficient evidence. ECF No. 9 at 3-5. Respondent filed an answer, with exhibits. ECF No. 12. Bell filed a reply, ECF No. 26, and an addendum, ECF No. 28.

As explained above, in a Report and Recommendation dated June 9, 2020, the undersigned recommended the petition be denied, a certificate of appealability be denied, and leave to appeal in forma pauperis be denied. ECF No. 32. Petitioner Bell filed objections. ECF No. 33. The district judge adopted the Report and Recommendation on July 6, 2020, ECF No. 34, and judgment was entered that same day, ECF No. 35. In Bell's appeal, on April 27, 2021, the Eleventh Circuit granted Respondent's "Motion for Vacatur and Remand," vacated the Order adopting the Report and Recommendation and the Judgment, ECF Nos. 34 and 35, and remanded the case to the district court. ECF No. 60 at 2.

In her "Rule 60 Motion," Bell requests the Court "review the facts of this

case under Rule 60(b)(2) or (b)(6) of the Federal Rules of Civil Procedure for Ground Five Only of the 2241 Amended Petition." ECF No. 49 at 1. She asserts this motion "is timely within the one year period." *Id*. She further asserts:

> The facts warranting relief is due to newly discovered evidence and/or any other reasons that justifies relief accordingly to the following scenario:
>
> 1. On 3/31/2018, approx.. 2:30 p.m. (1430hr) Ms. Bell, the petitioner received an incident report for assaulting a psychologist. (incident report # 3102789). ECF No. 12-3
>
> 2. Ms. Bell later went to the Disciplinary Hearing Officer (DHO), was found guilty and sanctioned to lose of 100 days of good conduct time credit (GCT) and a $25.00 monetary fine, the credits was taken and the $ 25.00 monetary fine was taken from her inmate trust fund account towards incident report # 3102789.
>
> 3. Through due diligence after the DHO hearing Ms. Bell obtained her medical records which normally take BOP 3-9 months to release under the Freedom of Information Act.
>
> 4. These mental health records revealed that Ms. Bell was in fact suffering from a mental disease on the day of the incident report that even lead to psychiatrist ordering an emergency injection on the day of the assault, see Exhibit A<B<C.
>
> 5. Had these newly discovered had been discovered by DHO the outcome would have been different and Ms. Bell would have been found not guilty due to not being responsible for her conduct on 3/21/2018.
>
> 6. To support this the law, the federal regulations, 28 CFR 541.6 prohibits the Bureau of Prisons, DHO, from sanctioning and

      convicting an inmate that is not responsible for her conduct as a result of her mental disease.   See Exhibit D.

7. The medical records from the psychiatrist in Exhibit B, makes it clear that Ms. Bell was suffering from severe mental defects.

8. According to BOP POLICY # 5310.16, titled "Treatment and Care for Mental Ill Inmates, states that uncontrolled mental health symptoms (e.g., psychosis with no insight), see Exhibit E

*Id*. at 1-2.   As relief, Bell requests the restoration "the 100 days of good conduct time credits and $25.00 to her inmate trust fund account," as well as "any other relief deem[ed] necessary."   *Id*. at 2.

In its response, Respondent asserts Bell's claim that "had the DHO known of her mental health records which showed she suffered from a mental health defect on 3/21/18, the date of incident #3102789, she would have been found not guilty due to not being responsible for her conduct," is "belied by her own amended 2241 petition."   ECF No. 56 at 1-2. Respondent asserts that in her amended petition, Bell "alleges that because the DHO was aware of her mental health issue on the date of incident #3102789, he dismissed a second charge of a sexual proposal infraction." *Id*. at 2; *see* ECF No. 9 at 5.   Respondent further asserts:

> Petitioner's attachment C (Doc. 49-3) documents that petitioner "has a pattern of engaging in bizarre behavior and/or exaggerating her mental health symptoms for secondary gain; this was also self-reported by Ms. BELL per previous

> documentation." (Doc. 49-3 – pp. 2-3). Bell obviously had a full appreciation of the wrongfulness of her conduct at the time in question as is evidenced by her statement noted in the R&R (Doc. 32 – p. 20), "I'm guilty. I am disappointed in myself."

ECF No. 56 at 2. Respondent also points out that Bell "makes no representation in her 60(b) motion that she received her 2018 medical records after the judgment on her 2241 (7/6/2020), to establish that anything is 'newly discovered.'" *Id*.

In her reply, Bell asserts she "has presented two grounds, under both Rule 60(b)(2) and Rule 60(b)(6), with facts, exculpatory documentary evidence as exhibits," such that the Court should grant her motion. ECF No. 61 at 1. Bell asserts "the facts and attached exhibits . . . presents exculpatory documented newly discovered evidence that was not readily available at the time of the DHO hearing." *Id*. at 2. Bell asserts "Respondent in its opposition . . . is twisting up the fact pertaining to Ground Five presented by Petitioner in her amended 2241, her Rule 60(b) motion," and the Report and Recommendation. *Id*. Bell states that she "is presenting to this Court . . . that newly discovered exculpatory evidence existed on 3/21/2018, to show that the assault infraction, that occurred at 2:30 p.m., on 3/21/2018, should and would be dismissed had the prison medical records been available on 5/24/2018, at the DHO hearing for the

assault infraction." *Id*. at 10. She asserts, "BOP did not release the psychiatric/mental health records until after the 2241 amended petition was filed." *Id*. at 22.

## Analysis

"A prisoner whose petition for a writ of habeas corpus has been denied may file a motion, under Rule 60(b), to challenge 'some defect in the integrity of the federal habeas proceedings," but not "to add a new ground for relief." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). In particular, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Id*. at 528. Based on Bell's assertions in her Rule 60 motion, quoted above, the Court considers her motion as made pursuant to Rule 60(b)(2), alleging the existence of newly discovered evidence. *See* Motes v. Couch, 766 F. App'x 867, 870 (11th Cir. 2019) (explaining district court properly construed habeas petitioner's pro se motion to set aside judgment dismissing petition as motion based on newly discovered evidence pursuant to Rule 60(b)(2), rather than motion based on any other reason justifying relief pursuant to Rule 60(b)(6), where petitioner "explicitly alleged he had new evidence in support of his claims" and because "Rule 60(b)(6) is inappropriate where the motion fits into one of the grounds

listed in subsections (1)-(5)"); *see* <u>United States v. Real Prop. & Residence Located at Rte. 1, Box 111, Firetower Rd.</u>, 920 F.2d 788, 791 (11th Cir. 1991).

"A motion . . . under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." <u>Scutieri v. Paige</u>, 808 F.2d 785, 793 (11th Cir. 1987). "[F]or the court to grant such a motion," Bell "must meet the following five-part test: (1) the evidence must be newly discovered since [the pertinent ruling]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must such that . . . would probably produce a new result." <u>Toole v. Baxter Healthcare Corp.</u>, 235 F.3d 1307, 1316 (11th Cir. 2000). This Court finds that Bell has not met the requirements of the rule.

Specifically, Bell has not shown the evidence at issue, her BOP mental health records from March 21, 2018, ECF No. 49 Exs. A-C, constitutes "newly discovered" evidence since the pertinent ruling, this Court's Report and Recommendation of June 9, 2020. Bell does not indicate in her Rule 60(b) motion, or in her reply, exactly when she received these records, though she does state that BOP did not release them until after she had filed her amended 2241 petition. *See* ECF No. 61 at 22-23; *see* ECF Nos. 49,

61.

In addition, the records appear somewhat cumulative and do not change the ruling of this Court. *Compare* ECF No. 49-1 (Ex. A), 49-2 (Ex. B), 49-3 (Ex. C) *with* ECF No. 12-3 (DHO Report for Incident #3102789). Specifically, in analysing the fifth ground of the amended § 2241 petition, this Court made the following findings and conclusions:

### Ground 5:   Incident Report 3102789

In Ground 5, Bell asserts incident report 3102789 should be dismissed as "[t]wo incident reports were written five minutes apart" and "DHO verified Ms. Bell mental state caused for dismissal of the sexual proposal infraction via psychology, but refuse to dismiss the assault infractions with the same verifiable evidence." ECF No. 9 at 5. Thus, according to Bell, she received two incident reports within a five-minute period, one charging assault and one charging a "sexual proposal infraction"; she asserts the DHO dismissed the "sexual proposal infraction" due to her "mental state," but the assault charge was not dismissed. Bell evidently contends the assault charge should have also been dismissed due to her mental state.

The assault incident occurred March 21, 2018, and the incident report has the same date and indicates a copy thereof was provided to Bell that day at 1620 (4:20 p.m.). ECF No. 12-3. The report describes the incident:

> On 3/21/18 at approximately 2:30 pm, this writer was speaking with inmate Bell in the hallway between psychology services and the 2nd floor clinic. This writer called for the assistance of the compound officer as she appeared agitated, was walking away from psychology services, and was not listening to staff directives. She later became calm, but

immediately upon the compound officer arriving on the scene, she struck me with her left open hand on the side of my face, close to my right eye, and began to run off.  Staff immediately gained control of inmate Bell and restrained her.  Operations was notified.

*Id*. at 5.   The reporting employee was L. Currie.  *Id*.  The DHO report summarizes Bell's statement:  "I'M GUILTY.  I AM DISAPPOINTED AT MYSELF FOR WHAT HAPPENED.  I REALLY DON'T REMEMBER."  ECF No. 12-3 at 1.  The DHO found Bell committed the assault as charged.  *Id*. at 2.  The section for specific evidence relied on includes the following paragraph:

> THE DHO CONSIDERED YOUR ADMISSION.  YOU DID NOT PRESENT, NOR DID THE DHO FIND, ANY EVIDENCE TO DISPUTE THE REPORTING OFFICER'S WRITTEN ACCOUNT OR YOUR COMMENT AS IT RELATES TO THIS INCIDENT.  THE BUREAU OF PRISONS DEFINITION OF ASSAULT IS AN ATTEMPT OR THREAT TO DO VIOLENCE TO ANOTHER, AND INCLUDES BATTERY OR THE UNCONSENTED TOUCHING OF ANOTHER.  THE DHO GIVES THE GREATER WEIGHT OF EVIDENCE TO THE VIDEO SURVEILLANCE, REPORTING STAFF MEMBER AND YOUR STATEMENT.  THE DHO FINDS THAT YOU COMMITTED THE PROHIBITED ACT OF ASSAULT, CODE 224, AND SANCTIONED YOU ACCORDINGLY.

*Id*. at 2.

Bell does not provide a number for the second incident report she asserts was issued within five minutes of the first report, for the "sexual proposal infraction," but later dismissed because of her "mental state."  ECF No. 9 at 5.  Nothing in the documentation provided by Respondent reflects the existence of

> such second report.  *See* ECF Nos. 12-1 – 12-17.  In her reply, Bell says she does not know the report number because it was dismissed.  ECF No. 26 at 12.  She also indicates "the assault occurred within 15 minutes" – not within five minutes as she asserted in her petition – "of the comment that was dismissed."  *Id*. at 13; *cf*. ECF No. 9 at 5.
>
> Even if such second report did exist and charged a "sexual proposal infraction," as described by Bell, it may have been dismissed with the DHO proceeding only on the assault charge, similar to what occurred with incident report 3090183, discussed in the analysis of Ground 6, *infra*.  Regardless, as Respondent indicates, even if BOP policy was not followed, such does not rise to the level of a constitutional violation.  *See* ECF No. 12 at 22.
>
> With regard to the incident report at issue in this ground, Incident Report 3102789, as explained above, Bell received all required due process protections during the disciplinary proceedings, and evidence in the record supports the DHO's determination.  This ground should be denied.

ECF No. 32 at 19-21.

The records Bell now presents, which are sealed, do not contradict anything in the above findings and conclusions.  Rather, they support the DHO's conclusions that Bell was not listening to staff when the assault occurred and that Bell's behavior, giving rise to the incident report, was volitional.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion (ECF No. 49) filed by Petitioner Bell be **DENIED**, the motion to dismiss filed

by Respondent (ECF No. 51) be **DENIED**, and the motion for appointment of counsel (ECF No. 64) filed by Petitioner Bell be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 9, 2021.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv442-WS/MAF