IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


TONYA BELL,

     Petitioner,

v.                                                          4:19cv442–WS/MAF

WARDEN, FCI TALLAHASSEE,

     Respondent.

_____

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 76) docketed April 26, 2022. The magistrate judge recommends that Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied.

Petitioner has filed partial objections (ECF No. 83) to the report and recommendation. Specifically, Petitioner limits her objections to the magistrate judge's treatment of Grounds One and Five of her amended petition. The undersigned has considered those objections but finds that they lack merit.

As to Ground One, Petitioner contends that she lost ninety-two (92) days of good conduct time, in violation of the applicable regulation (28 CFR § 541.4), which—according to Petitioner—authorized a maximum loss of eighty-one (3x27) days as the total disciplinary sanction for her three high severity level offenses. Her objection, however, is based on a flawed understanding of § 541.4. That regulation, which governs *mandatory* disciplinary sanctions, provides that an inmate in Petitioner's situation must lose "*at least* 27 days . . . for each act committed." §§ 541.4(a)(2) & (b)(2) (emphasis added). The regulation thus sets a floor, not a ceiling, on the sanctions that may be imposed for disciplinary infractions. Petitioner's objection as to Ground One is meritless.

As to Ground Five, Petitioner maintains that the magistrate erred in finding that some evidence supported a 2018 incident report charging Petitioner with sexual assault. Petitioner contends that, pursuant to a policy of the Bureau of Prisons ("BOP"), the assault charge should have been dismissed due to her mental state. The magistrate judge determined—and the undersigned agrees—that, even *if* the DHO ("Disciplinary Hearing Officer") failed to follow BOP policy regarding Petitioner's mental status, such does not rise to the level of a federal constitutional violation.

Because the undersigned finds that petitioner's amended habeas corpus petition is due to be denied for the reasons set forth by the magistrate judge, it is ORDERED:

1. The magistrate judge's report and recommendation is ADOPTED and incorporated by reference into this order of the court.

2. The petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

3. The clerk shall enter judgment stating: "Tonya Bell's amended § 2241 petition for writ of habeas corpus is denied."

4. A certificate of appealability is DENIED.

5. Leave to appeal in forma pauperis is DENIED.

6. The clerk shall close the case.

DONE AND ORDERED this ___14th___ day of ___June___, 2022.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE